IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIORASI, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| STEMEDICA CELL TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Biorasi, LLC ("Biorasi" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint for breach of contract against Stemedica Cell Technologies, Inc., ("Stemedica" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1. This suit stems from a breach of contract by Stemedica. On December 2, 2020, Stemedica and Biorasi entered into a master services agreement ("MSA" or the "Agreement"), under which Biorasi would provide contract research organization ("CRO") services to Stemedica. Biorasi provided the required services to Stemedica pursuant to the MSA, but Stemedica has failed to pay in full all of the invoices for such services. Stemedica currently owes Biorasi nearly $700,000 in unpaid principal and interest.

## THE PARTIES

2. Biorasi is a CRO, which engages in the business of providing clinical research services, clinical research professionals, and contract clinical, technical, and other related services.

3. Biorasi is a Florida limited liability company with its principal place of business and core executive functions located in Miami-Dade County, Florida.

4. Stemedica is a company that engages in the development, manufacture, distribution, and/or sale of pharmaceutical products.

5. Stemedica is a Nevada corporation with its principal place of business in California.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as complete diversity exists as to all named parties to this action, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Personal jurisdiction and venue are proper before this Court by agreement of the parties in Section 9.10 of the MSA that "each Party shall be entitled to . . . specifically enforce the terms and provisions hereof in the applicable federal or state court of the State of Delaware."

8. All conditions precedent to bringing the instant action have occurred, been performed, and/or have otherwise been excused, satisfied, or waived.

## GENERAL ALLEGATIONS

9. Stemedica contracted with Biorasi for CRO services with Biorasi.

10. The parties entered into a valid and enforceable contract, "MASTER SERVICES AGREEMENT FOR CLINICAL RESEARCH ORGANIZATION SERVICES," effective December 2, 2020, that governs this business relationship. As the Agreement is a confidential agreement, marked "Confidential," and containing confidential information of the parties, it is not attached here but will be furnished to Stemedica upon request or offered for filing under seal if requested by the Court or Stemedica.

11. Biorasi issued invoices over a period of August 2021 through November 2022, receiving no timely objections from Stemedica.

12. The Agreement obligates Stemedica pay each invoice within 30 days of receipt of an invoice or to provide Biorasi with a written notice of the basis of any dispute with a Biorasi invoice within 30 days of receipt of the invoice.

13. Stemedica never presented Biorasi any such written notice to dispute any invoice amount.

14. Stemedica failed to pay all of the invoices in full when due.

15. Section 4.2(c) of the Agreement provides Biorasi the right to charge interest on the past due amounts at a rate of 1.0% per month, calculated daily and compounded monthly or, if lower, at the highest rate permitted by applicable law.

16. As of April 24, 2023, Biorasi furnished an accounting to Stemedica of the invoices and account, generally, and calculating the contractual principal and interest due as of that date (the "Account Stated") including:

> $595,026.83 in principal
> $80,052.44 in contractual interest
> **$675,079.27 Total Outstanding Balance**

17. Prior to bringing this action, Biorasi and Stemedica conferred on the debt owed to Biorasi, including several meetings and written communications over a period of months. The Account Stated reflects a previously missing credit of $75,000 that Stemedica raised and Biorasi recognized and reconciled during these communications.

18. Section 9.13 of the Agreement provides Biorasi a right to seek reasonable attorneys' fees and court costs.

19. Due to Stemedica's breach and wrongful conduct, Biorasi has engaged undersigned counsel and is obligated to pay reasonable fees for those legal services.

## COUNT I – BREACH OF CONTRACT

20. Biorasi adopts and incorporates paragraphs ¶¶ 1-19 as if fully restated herein.

21. The Agreement is a valid and enforceable written contract.

22. Biorasi performed all of its obligations under the Agreement.

23. Stemedica materially breached the Agreement by failing to pay for all services rendered by Biorasi.

24. As a direct and proximate result of Stemedica's material breach of the Agreement, Biorasi has suffered damages of $595,026.83, plus 1.0% interest per month, calculated daily and compounded monthly since the respective invoice became past-due.

## COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH
## (AS AN ALTERNATIVE TO COUNT I)

25. Biorasi adopts and incorporates paragraphs ¶¶ 1--19, as if fully restated herein.

26. Biorasi brings this claim in the alternative to Count I (breach of contract).

27. Biorasi and Stemedica had a business relationship wherein Biorasi agreed to provide CRO services to Stemedica, and Stemedica agreed to pay for Biorasi's services.

28. Biorasi provided the services demanded by Stemedica and issued invoices for the work performed at rates agreed upon by the parties.

29. Biorasi's work and invoices are reflected in the Account Stated.

30. The Account Stated was rendered under circumstances that raised a presumption of assent including by the practice of periodic billings for certain amounts in the regular course of business, where no objection to the amount of the bill was made within a reasonable time.

31. Stemedica failed to pay the amount due upon the accounting represented in the Account Stated.

4

## COUNT III – UNJUST ENRICHMENT
## (AS AN ALTERNATIVE TO COUNT I AND/OR II)

32. Biorasi adopts and incorporates paragraphs ¶¶ 1-19, as if fully restated herein.

33. Biorasi brings this claim in the alternative to Count I (breach of contract).

34. Biorasi and Stemedica had a business relationship wherein Biorasi agreed to provide CRO services to Stemedica, and Stemedica agreed to pay for Biorasi's services.

35. In this vein, Biorasi conferred a benefit upon Stemedica.

36. Stemedica had knowledge of the benefit conferred by Biorasi.

37. Stemedica accepted and retained the benefit conferred by Biorasi.

38. The circumstances are such that it would be inequitable for Stemedica to retain the benefit without paying Biorasi the fair value for that benefit when Stemedica had requested Biorasi to provide those services and knowingly and voluntarily accepted Biorasi's services knowing that Biorasi expected to be compensated.

## PRAYER FOR RELIEF

**WHEREFORE**, Biorasi demands judgment in its favor and against Stemedica:

a. awarding Biorasi damages in the amount of $595,026.83, plus 1.0% interest per month, calculated daily and compounded monthly since the respective invoice became past-due;

b. awarding Biorasi its attorneys' fees and costs pursuant to the Agreement;

c. awarding Biorasi pre-judgment interest at the rate set forth in the Agreement, and post-judgment interest at the legal statutory rate; and

d. granting Biorasi such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Joshua B. Spector, Esq. (584142)<br>(Motion for *Pro Hac Vice* Admission forthcoming)<br>LAW OFFICES OF JOSHUA SPECTOR, P.A.<br>14 NE 1st Avenue, Suite 1100<br>Miami, Florida 33132<br>(786) 786-7272 – Telephone<br>joshua@spectorlegal.com<br><br>Dated:  July 28, 2023 | By: */s/ John A. Sensing*<br>John A. Sensing (#5232)<br>Andrew M. Moshos (#6685)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, Delaware 19899-0951<br>(302) 984-6000 – Telephone<br>jsensing@potteranderson.com<br>amoshos@potteranderson.com<br><br>*Attorneys for Biorasi, LLC* |